MALACHI DUBOSE and another *v.* DANIEL O'BRYAN.

Where factors accept and pay a draft drawn on them, and charge it to the drawer in their account current, with a commission for making the advance, they cannot separate the draft from the account, and sue on it alone.

APPEAL from the District Court of Lafayette, *King,* J.

GARLAND, J. The petitioners, alleging themselves to have been commercial partners under the name of Dubose & Davis, sue for the use and benefit of George Lewis Davis, one of the partners, and aver that the defendant is indebted to them, for the use aforesaid, in the sum of $499 35, with interest, said sum being the balance of a draft drawn on the 1st November, 1841, by defendant, on the petitioners, to the order of Cyprien Mouton, for $650, payable ninety days after date, which draft was accepted and paid by the petitioners.

The defendant admits the signature to the draft, and pleads in compensation and reconvention various demands against Davis, and also against Dubose, and avers that there is a balance in his favor of $731 61, with interest, for which he asks for a judgment.

Upon the trial, the plaintiffs introduced no other evidence of their demand than the draft drawn by defendant on them, in favor of Mouton, for $650. The defendant offered in evidence an account current, furnished him by plaintiffs on the 13th April, 1842, from which it appears that the defendant had been, for a considerable time previously to the drawing of the draft sued on, doing business with the plaintiffs as factors and commission merchants, drawing drafts on them, and they furnishing him with merchandize and other things, and he sending them produce to sell on commission, drafts on other persons, and money

to meet his engagements. On the 10th November, 1841, a few days after the date of the draft sued on, plaintiffs charged defendant in his account with the amount of it, and, on the day it fell due, charged him commission at the rate of five per cent for advancing, and subsequently made other charges, for interest and cash paid. On the 2d of February, 1842, when the draft became due, the defendant was, if the account current be correct, indebted to the plaintiffs in a balance nearly equal to that now claimed. Subsequently to the maturity of the draft, the defendant remitted in money, and consigned to plaintiffs cotton to be sold for him, to an amount very nearly equal to the amount of it. The plaintiffs did not apply the funds so sent to the payment of the draft, but credited them generally on the account, adding interest to their demand, whereby a balance was struck equal to the sum now demanded, to recover which the draft is now withdrawn, and suit brought on it. Besides this account, the defendant offered in evidence a note of Dubose, which had been transferred to him for $645 63, and a draft for $300, drawn by the same person on him, and paid.

There was a judgment in favor of the plaintiffs, and the defendant appealed.

We are of opinion that the judgment is erroneous. The judge gives no other reason for his judgment than, " that the law and evidence are in favor of the plaintiffs ;" we are, therefore, not aware of the particular reasons that brought him to the conclusion he arrived at. We are of opinion that the plaintiffs cannot recover in the present action, because, by accepting and paying the defendant's draft, and charging it in their account current, they extinguished that obligation, and made it nothing more than a voucher to sustain that item in their account. They have no more right to withdraw or separate this draft from their account current, and bring suit on it, than they have to select any one of the other drafts drawn by the defendant and accepted, and paid by them, and to sue on it. If such a course were permitted, it would place the principal, or customer of a factor in the power of the latter, and often place the consignor, or drawer of a draft, in a position where he could not have the benefit of his real credits.

There is no evidence in the record to show when the firm of Dubose & Davis was dissolved. The letter of Dubose, and the account current, go to show that it was in existence as late as the 13th April, 1842, yet the partners for sometime previously appear to have been managing their business in such a manner as to raise a suspicion that their purpose was to deprive the defendant of the right of compensating the demands he might have against them.

It is ordered and decreed, that the judgment of the District Court be annulled and reversed, and our judgment is in favor of the defendant, as in case of non-suit, with costs in both courts.

*Magill*, for the plaintiffs.

*Crow* and *Porter*, for the appellant.